**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

---

BLUE DEVIL LLC, CHERRYWOOD
ASSOCIATES LLC, DENTAL CARE
OF VINELAND P.A., DENTAL CARE
OF BERLIN LLC, GRILL REAL
ESTATE LLC, DENTAL CARE OF
STRATFORD LLC, GLASS TEETH
LLC, DENTAL CARE OF MILLVILLE
LLC, DENTAL CARE OF HOPEWELL
CROSSING LLC, DENTAL CARE OF
MONROE, LLC, and DENTAL CARE
OF HAMMONTON, LLC,

No. 1:20-cv-12480-NLH-KMW

               Plaintiffs,

**OPINION**

      v.

ACE PROPERTY AND CASUALTY
INSURANCE COMPANY, JOHN DOES
(1-10), and ABC COMPANIES (1-
10),

               Defendants.

---

**APPEARANCES**:

ASHLEY SOBLE NECHEMIA
ROBERT WINFIELD WILLIAMS
MATTLEMAN, WEINROTH & MILLER, P.C.
401 ROUTE 70 EAST
SUITE 100
CHERRY HILL, NJ 08034

    *On behalf of Plaintiffs.*

BARBARA MARIA ALMEIDA
MEGHAN CATHERINE GOODWIN
DAREN S. MCNALLY
CLYDE & CO US LLP
200 CAMPUS DRIVE
SUITE 300
FLORHAM PARK, NJ 07932

*On behalf of Defendant ACE Property and Casualty Insurance Company.*

**HILLMAN**, District Judge

This matter concerns insurance claims made by Plaintiffs, a group of dental care offices located in New Jersey, for business losses caused by government shutdown orders designed to stop the spread of COVID-19.  Presently before the Court are Defendant ACE Property and Casualty Insurance Company's motion for judgment on the pleadings and Plaintiffs' cross-motion to stay this action until the resolution of a consolidated appeal of separate cases involving essentially identical legal questions currently pending before the Court of Appeal for the Third Circuit.  For the reasons expressed below, Plaintiffs' motion for a stay will be denied, and Defendant's motion for judgment on the pleadings will be granted.

**BACKGROUND**

Plaintiffs are a dental care practice with offices throughout South Jersey, as well as several apparently related limited liability companies known as Blue Devil LLC, Grill Real Estate LLC, and Glass Teeth LLC.  While neither party here has described the relationship between "Dental Care," the general name given by Plaintiffs for the larger dental practice that oversees the separate offices, and these LLCs, they appear to be related business entities.  Dental Care has offices in Vineland,

West Berlin, Strafford, Millville, Monroe, Hammonton, and Pennington, New Jersey.

Dental Care purchased a Businessowners Policy from Chubb Group of Insurance Companies at some point prior to October 1, 2019, under which the insurer is Defendant ACE Property and Casualty Insurance Company.  The Policy provides coverage to each of the offices listed above for "Action of Civil Authority" and "Business Income and Extra Expense."  The Policy further includes a "Virus Exclusion," which precludes coverage for any losses directly or indirectly caused by "[a]ny virus, bacterium or other microorganism that induces or is capable of inducing physical distress, illness or disease," (ECF No. 40-4 at 54, Section I.B.1.j(1)), "regardless of any other cause or event that contributes concurrently or in any sequence to the loss." Id. at 51, Section I.B.1.

On March 9, 2020, New Jersey Governor Phil Murphy signed Executive Order 103, which declared both a Public Health Emergency and State of Emergency in the state; this was followed by the World Health Organization declaring COVID-19 to be a global pandemic on March 11, and then President Trump declaring a national emergency as a result of COVID-19 on March 13.  Then, on March 21, 2020, Governor Murphy signed Executive Order 107, which according to Plaintiffs "required New Jersey Residents to remain home or at their place of residence subject only to

3

certain limited exceptions." (Am. Compl. at ¶ 34). As a result
of these executive orders, Plaintiffs were required to suspend
their operations and were prohibited from accessing their
properties, causing them to suffer loss and damages. Plaintiffs
submitted a claim for coverage to Defendant ACE for the losses
it suffered due to the Governor's orders on May 28, 2020;
Defendant denied the claim on June 10, 2020.

Plaintiffs then filed a complaint in New Jersey state court
on July 8, 2020, which Defendant removed to this Court. (ECF
No. 1). Defendant moved to dismiss the initial complaint
shortly after, (ECF No. 15), but after Plaintiffs filed an
Amended Complaint dropping certain plaintiffs and defendants and
adding an additional claim on October 30, (ECF No. 18), the
Court denied that motion to dismiss as moot. (ECF No. 39).
Plaintiffs Amended Complaint asserts fifteen counts: seven
claims for breach of contract related to Defendant's denial of
the insurance claim submitted for each of the seven dental
offices, seven related claims for declaratory judgment seeking
an Order stating that Defendant was obligated under the Policy
to pay the full amount of the losses claimed by Plaintiffs, and
finally a claim for regulatory estoppel.

Defendant then filed the presently pending motion for
judgment on the pleadings on March 26. Plaintiffs responded by
filing a joint opposition brief and cross-motion to stay this

action, pending the resolution of a consolidated appeal of at
least fourteen cases involving highly similar claims and issues
currently before the Third Circuit.  (ECF No. 43).  Defendant
responded with a brief in further support of their motion and
opposing the cross-motion to stay.  (ECF No. 47).  The time to
file briefs in support or opposition to both motions has since
passed, and therefore they are ripe for adjudication.

**DISCUSSION**

I.    **Subject Matter Jurisdiction**

       This Court has jurisdiction over Plaintiff's claims under
28 U.S.C. § 1332, as there is complete diversity of the parties
and the amount in controversy exceeds $75,000.

II.   **Plaintiffs' Cross-Motion for a Stay**

       The Court will first address Plaintiffs' cross-motion for a
stay of this action and of the Court's resolution of the pending
motion for judgment on the pleadings.  District courts have
broad authority to stay proceedings.  Bechtel Corp. v. Local 215
Laborers' Union of N. Am., AFL-CIO, 544 F.2d 1207, 1215 (3rd
Cir. 1976). "[T]he power to stay proceedings is incidental to
the power inherent in every court to control the disposition of
the causes on its docket with economy of time and effort for
itself, for counsel, and for litigants. How this can best be
done calls for the exercise of judgment, which must weigh
competing interests and maintain an even balance." Hupperich v.

Commissioner of Social Security, No. 1:19-cv-14210-NLH, 2020 WL 7351213, at *2 (D.N.J. Dec. 15, 2020) (quoting Landis v. North American Co., 299 U.S. 248, 254-55 (1936).

The question of how best to balance the docket "calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." Onyx Enterprises Int'l Corp. v. Volkswagen Group of America, Inc., No. 3:20-cv-09976 (BRM) (ZNQ), 2021 WL 1338731, at *2 (D.N.J. Apr. 9, 2021) (quoting Bechtel Corp., 544 F.2d at 1215). Landis, 299 U.S. at 254. The party seeking the stay must also show "a clear case of hardship or inequity, if there is even a fair possibility that the stay would work damage on another party." Id. at 254-55.

Plaintiffs here seek a stay of this action for one simple reason: currently pending before both the Third Circuit and New Jersey's appellate courts are appeals of many cases addressing the exact same legal issues and extremely similar factual circumstances as this present case. More specifically, the Third Circuit will eventually hear and rule on a consolidated appeal of fourteen separate cases addressing COVID-19-related insurance claims which are highly similar to this case. (See U.S.C.A. Third Circuit Case No. 20-3124, Doc. No. 43) (order consolidating cases and outlining procedures for briefing).

"Plaintiff, therefore, submits that the Court should hold this matter in abeyance pending binding precedent from the

appellate courts," and asserts that a ruling from this Court
granting Defendant's motion "would only result in the filing of
an appeal and briefing which would serve little purpose as the
dispositive issues are already before appellate courts." (ECF
No. 43 at 11-12).  Plaintiff further "contends that a stay would
be beneficial to Defendant as it will [either] save on fees and
costs associated with a potential appeal should the Court grant
its motion" or "save on the fees and costs associated with
litigating this case, all of which could be rendered moot based
on the outcome of the litigation currently pending before the
Third Circuit."  Id. at 12-13.

Defendant, unsurprisingly, disagrees.  It counters that
Plaintiffs have failed to sufficiently demonstrate the need for
a stay here, and that "a stay would unnecessarily delay the
inevitable application of the great weight of case law to
dismiss Plaintiffs' Amended Complaint and prolong this
litigation more than Plaintiffs already have." (ECF No. 47 at
11).  The Court reaches the same conclusion.

Plaintiffs' argument here is simply that, despite the
overwhelming case law they are up against and the fact that this
Court has itself, in just the past several months, dismissed
nearly identical claims in nearly identical circumstances in
three separate cases, this action should be stayed simply
because the Third Circuit might reach a contrary conclusion when

it finally rules on the consolidated appeal.  As Defendant
points out, Plaintiffs have opposed the pending motion for
judgment on the pleadings and filed this motion to stay despite
essentially conceding there are no substantive grounds for this
Court to distinguish this case from numerous others from just
the past year.

The Court will not stay this case.  While Plaintiffs point
to one case from the Eastern District of Pennsylvania which
issued a stay pending the outcome of the Third Circuit's ruling
without an opinion or explanation, Sidkoff, Pincus, & Green PC
v. Sentinel Ins. Co. Ltd., 2:2020-cv-02083-PD (E.D. Pa. Nov. 6,
2020), Defendants are correct that many other courts in this
District have ruled on nearly identical cases in the time since
the Third Circuit issued its order consolidating the related
appeals — in fact, this Court's decisions in Arrowhead Health &
Racquet Club, LLC v. Twin City Fire Insurance Company, 1:20-cv-
08968-NLH-KMW, 2021 WL 2525739 (D.N.J. June 21, 2021) and Z
Business Prototypes LLC v. Twin City Fire Insurance Company, No.
20-10075-NLH-MJS, 2021 WL 3486897 (D.N.J. Aug. 9, 2021) both
post-date the announcement of that consolidated appeal.  This
Court will not needlessly delay what it views as the
straightforward outcome in this case and unnecessarily prolong
this proceeding at the district court level simply because the
Third Circuit may, at a later date, rule in a contrary manner.

As the Court will further explain in its analysis below of
Defendant's motion for judgment on the pleadings, a remarkably
consistent body of case law has developed in this District and
Circuit regarding the issues presented in this case over the
course of the COVID-19 pandemic; that clear body of case law and
this Court's own prior holdings unequivocally dictate a specific
outcome here.  To delay issuing a decision on a fully briefed
motion in this action until an appeal in a separate case is
finally briefed, argued, and ruled upon would subject Defendant
to an entirely unneeded waiting game and force it to live with
active civil claims hanging over its head for a currently
unknown amount of time.

As will be explained below, and as Plaintiffs themselves
have openly acknowledged would happen, the Court will grant
Defendant's motion and dismiss Plaintiffs' claims.  The Court
sees no reason to delay that outcome and has not been presented
with a sufficiently persuasively argument for why it should
exercise its discretion and authority here to stop this case
from proceeding in the standard fashion.  Plaintiffs may proceed
to appeal this Court's decision if they so choose, and as
Defendant notes, their appeal will then likely be stayed by the
Third Circuit pending the outcome of the consolidated appeal —
largely undermining Plaintiffs' argument that even if the Third
Circuit's eventual ruling comports with this Court's holdings in

this Opinion, Defendant could potentially have wasted money on appellate briefing.  (See U.S.C.A. Third Circuit Case No. 20-23501, Doc. 33 (instructing "[t]he Clerk . . . to identify other similar appeals involving insurance coverage for business-interruption losses caused by the COVID-19 pandemic. The Clerk will stay any such appeals until the above-captioned appeals have been resolved or until further order. Any party to a stayed appeal may move to lift the stay if there is good cause for that appeal to immediately proceed.")).  If, after that point, the Third Circuit rules in a manner contrary to this Court's holdings today, Plaintiffs' appeal and this action will then proceed as they normally do under such circumstances.  But at this stage, Plaintiffs' motion for a stay will be denied, and the Court will adjudicate Defendant's motion for judgment on the pleadings.

**III.  <u>Standard for Motion for Judgment on the Pleadings</u>**

A Rule 12(c) motion for judgment on the pleadings may be filed after the pleadings are closed.  <u>Fed. R. Civ. P. 12(c)</u>; <u>Turbe v. Gov't of V.I., 938 F.2d 427, 428 (3d Cir. 1991)</u>.  In analyzing a Rule 12(c) motion, a court applies the same legal standards as applicable to a motion filed pursuant to Rule 12(b)(6).  <u>Turbe, 938 F.2d at 428</u>.  Thus, a court must accept all well-pleaded allegations in the complaint as true and view them

in the light most favorable to the plaintiff.  Evancho v. Fisher, 423 F.3d 347, 351 (3d Cir. 2005).

A district court, in weighing a motion to dismiss, asks "not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claim[ ]." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 583, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974)); see also Phillips v. Cty. of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) (stating the "Supreme Court's Twombly formulation of the pleading standard can be summed up thus: 'stating ... a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element. This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element").  A court need not credit either "bald assertions" or "legal conclusions" in a complaint when deciding a motion to dismiss. In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1429-30 (3d Cir. 1997).  The defendant bears the burden of showing that no claim has been presented.  Hedges v. United States, 404 F.3d 744, 750 (3d Cir. 2005) (citing Kehr Packages, Inc. v. Fidelcor, Inc., 926 F.2d 1406, 1409 (3d Cir. 1991)).  In addition, "on a motion for judgment on the pleadings," a court

"reviews not only the complaint but also the answer and any written instruments and exhibits attached to the pleadings." Perelman v. Perelman, 919 F. Supp. 2d 512, 520 n.2 (E.D. Pa. 2013).

## IV.   **Analysis of Defendant's Motion for Judgment on the Pleadings**

Plaintiffs here are pursuing seven breach of contract claims related to Defendant's denial of their insurance claim for loss of business income caused by COVID-19-related government shutdown orders, as well as seven declaratory judgment claims and a claim for regulatory estoppel. Defendant has moved for judgment on the pleadings, focused entirely on the Virus Exclusion clause found in Plaintiffs' Policy. Defendant's moving brief argues that that the Policy's Virus Exclusion applies here and bars coverage for Plaintiffs' claimed losses, and therefore their breach of contract claims must be dismissed, and further that Plaintiffs' regulatory estoppel claim also fails. This Court agrees.

This case presents essentially identical legal questions and factual circumstances as three other cases adjudicated by this Court in recent months, Delaware Valley Plumbing Supply, Inc. v. Merchants Mutual Insurance Company, No. 1:20-cv-08257-NLH-KMW, 2021 WL 567994 (D.N.J. Feb. 16, 2021), Arrowhead Health & Racquet Club, LLC v. Twin City Fire Insurance Company, 1:20-

cv-08968-NLH-KMW, 2021 WL 2525739 (D.N.J. June 21, 2021), and Z
Business Prototypes LLC v. Twin City Fire Insurance Company, No.
20-10075-NLH-MJS, 2021 WL 3486897 (D.N.J. Aug. 9, 2021).  In
each of those cases, the plaintiffs were businesses pursuing
breach of contract claims after having been denied insurance
coverage for losses caused by the COVID-19-related shutdown
orders.  Further, the defendants in all three cases also raised
Virus Exclusion arguments: the policy at issue in Delaware
Valley Mutual included the exact same Virus Exclusion clause
found in Plaintiffs' Policy in this case, see 2021 WL 567994 at
*1 (quoting policy language stating that the defendant ""will
not pay for loss or damage caused directly or indirectly by ...
any virus, bacterium or other microorganism that induces or is
capable of inducing physical distress, illness or disease"),
while the policies in Arrowhead Health and Z Business Prototypes
similarly precluded coverage for loss caused by the "[p]resence,
growth, proliferation, spread or any activity of 'fungi', wet
rot, dry rot, bacteria or virus."  2021 WL 2525739 at *1; 2021
WL 3486897 at *1.  In all three cases, this Court found that the
Virus Exclusion barred coverage for the plaintiffs' losses, and
therefore dismissed their claims.  The Court reaches the same
conclusion here.

    Both parties appear to agree that New Jersey law applies
here.  Under New Jersey law, the interpretation of an insurance

policy is a "question of law." Selective Ins. Co. of Am. v.
Hudson E. Pain Mgmt. Osteopathic Med., 46 A.3d 1272, 1276 (N.J.
2012). The language of an insurance policy "should be
interpreted according to its plain and ordinary meaning."
Voorhees v. Preferred Mutual Ins. Co., 607 A.2d 1255, 1260 (N.J.
1992). Where the terms of the policy are ambiguous and there is
doubt regarding the existence of coverage, the ambiguity is
ordinarily resolved in favor of the insured. See Benjamin Moore
& Co. v. Aetna Cas. & Sur. Co., 843 A.2d 1094, 1103 (N.J. 2004).
However, where the language of the policy is clear and
unambiguous, "the court is bound to enforce the policy as it is
written." Royal Ins. Co. v. Rutgers Cas. Ins. Co., 638 A.2d
924, 927 (N.J. Super. Ct. App. Div. 1994). The court "should
not write for the insured a better policy of insurance than the
one purchased." Buczek v. Continental Cas. Ins. Co., 378 F.3d
284, 288 (3d Cir. 2004) (citing Vassiliu v. Daimler Chrysler
Corp., 839 A.2d 863, 867 (N.J. 2004)).

Under New Jersey law, "exclusions in [an] insurance policy
should be narrowly construed." Nav-Its, Inc. v. Selective Ins.
Co. of Am., 869 A.2d 929, 934 (N.J. 2005) (citing Princeton Ins.
Co. v. Chunmuang, 698 A.2d 9, 16 (N.J. 1997)). "Nevertheless,
if the exclusion is 'specific, plain, clear, prominent, and not
contrary to public policy,' it will be enforced as written."
Id. (citing Princeton Ins. Co., 698 A.2d at 16).

14

As stated above, Plaintiffs' Policy includes a Virus Exclusion clause that explicitly states that Defendant will not provide coverage for losses directly or indirectly caused by "[a]ny virus, bacterium or other microorganism that induces or is capable of inducing physical distress, illness or disease," (ECF No. 40-4 at 54, Section I.B.1.j(1)), "regardless of any other cause or event that contributes concurrently or in any sequence to the loss." Id. at 51, Section I.B.1. Plaintiffs' Amended Complaint explicitly pleads that "[a]s a result of the [government shut-down orders]," Dental Care "suffered a direct physical loss of and damage to its property because it has been unable to use its property for its intended purpose." (Am. Compl. at ¶ 35). "Therefore, '[b]ecause the Stay-at-Home Orders were issued to mitigate the spread of the highly contagious novel coronavirus, Plaintiff's losses are tied inextricably to that virus.'" Arrowhead Health, 2021 WL 2525739 at *3 (quoting Delaware Valley Plumbing, 2021 WL 567994 at *3); see also Z Business Prototypes, 2021 WL 3486897 at *3 (same).

While Plaintiffs do put forward multiple arguments for why the Virus Exclusion should not govern their claims here, they also concede in their cross-motion to stay this action that Defendant's motion is "largely supported" by authority from this Court and others which "is largely undistinguishable" from this action, and explicitly state that they anticipate[] that "the

15

Court's ruling in this matter will be largely guided by its recent opinion in" <u>Delaware Valley Plumbing</u>.  Plaintiffs are correct on both fronts, and the Court sees no reason to stray here from its clear holdings in those three prior cases nor the similarly straightforward and consistent holdings of other courts in numerous other cases in both this District and across the nation.  <u>See</u> <u>Arrowhead Health</u>, 2021 WL 2525739 at *3 (listing cases dismissing similar claims based on similar Virus Exclusion clauses); <u>Delaware Valley Plumbing</u>, 2021 WL 567994 at *3 (listing additional cases); <u>Z Business Prototypes</u>, 2021 WL 3486897 at *4 (same).

For the sake of thoroughness, the Court will briefly address the specific arguments Plaintiffs have raised in opposition to the pending motion.  First, Plaintiffs argue that the Virus Exclusion cannot bar their claims at this stage in the proceeding because "it would not be appropriate for the Court to take judicial notice of the fact that COVID-19 is a virus." (ECF No. 43 at 15).  However, this Court rejected the exact same argument in both <u>Arrowhead Health</u> and <u>Delaware Valley Plumbing</u>, for the simple reason that Governor Murphy's Executive Order 103 explicitly states that "Coronavirus disease 2019 ('COVID-19') is a contagious, and at times fatal, respiratory disease caused by the SARS-CoV-2 virus" and courts in this District have repeatedly recognized that "there is no dispute that COVID-19 is

16

caused by a virus." <u>Arrowhead Health</u>, 2021 WL 2525739 at *4
(citing <u>Body Physics v. Nationwide Insurance</u>, No. 20-9231
(RMB/AMD), 2021 WL 912815, at *6 (D.N.J. Mar. 10, 2021)). <u>See</u>
<u>also</u> <u>Delaware Valley Plumbing</u>, 2021 WL 567994 at *5 (reaching
same conclusion).

   Second, Plaintiffs argue that the Virus Exclusion here is
ambiguous, because its language "suggests that the exclusion is
only intended to apply when a virus is physically present at the
property." (ECF No. 43 at 17). In support of this argument,
Plaintiffs rely entirely on a single opinion from a federal
court in Florida, <u>Urogynecology Specialist of Florida LLC v. ACE</u>
<u>Ins. Co., Ltd.</u>, 620CV1174ORL22EJK, 2020 WL 5939172, at (M.D.
Fla. Sept. 24, 2020), which reached Plaintiffs' desired
conclusion. But Plaintiffs have largely failed to actually
explain how the Policy here is at all ambiguous, and this Court
addressed this exact same argument in <u>Arrowhead Health</u> based on
an extremely similar Virus Exclusion clause and the exact same
non-precedential Florida case, and held there that "the language
of the Virus Exclusion found in Plaintiffs' policy, rather than
containing fatal ambiguities, "is explicit and plainly excludes
from coverage" any losses caused by a virus. 2021 WL 2525739 at
*5 (citing <u>Stern & Eisenberg, P.C. v. Sentinel Insurance</u>
<u>Company, Limited</u>, No. 20-11277 (RMB/KMW), 2021 WL 1422860, at *5
(D.N.J. Apr. 14, 2021)). As the Court noted in that opinion,

other courts in this Circuit faced with nearly identical cases
have repeatedly reached the same conclusion.  Id. (citing
cases).  Plaintiffs have entirely failed to differentiate their
claims here, and the Court sees no basis for finding that their
Policy is ambiguous.

Finally, Plaintiffs amended their complaint to add a claim
for regulatory estoppel, which they now utilize to argue that
the Virus Exclusion may not be enforceable under New Jersey law
and discovery is needed in this action.  Plaintiffs specifically
allege that "in order to gain initial regulatory approval for
the Virus Exclusion, the Insurance Services Office, Inc., on
behalf of insurers represented that, 'property policies have not
been a source of recovery for losses involving contamination by
disease-causing agents,'" an assertion they claim was false.
(Am. Compl. at ¶¶ 123-24).  But while Plaintiffs themselves have
not attached the ISO filing quoted above to either their
Complaint or briefing, the quoted line appears to be the exact
same line from a 2006 ISO Circular relied upon by the Plaintiffs
in Delaware Valley Plumbing.  (See Case No. 1:20-cv-08257-NLH-
KMW, ECF No. 16 at 28) (asserting regulatory estoppel claim
based on statement in 2006 ISO circular that "property policies
have not been a source of recovery for losses involving
contamination by disease-causing agents").  Plaintiffs here rely
on no other alleged misstatements made to industry regulators

18

and have taken no steps to differentiate their regulatory
estoppel claim from the one presented to this Court in Delaware
Valley Plumbing.

The Court therefore finds that, just like the Plaintiffs in
Arrowhead Health, Delaware Valley Plumbing, and a number of
other cases in this Circuit, see Delaware Valley Plumbing, 2021
WL 567994 at *6 (citing cases), Plaintiffs here "have entirely
failed to point to a [] misrepresentation regarding the scope of
the Virus Exclusion, and to demonstrate how the interpretation
advanced by Defendant is inconsistent with prior representations
made by the insurance industry to regulators," as required by
the regulatory estoppel doctrine espoused by the New Jersey
Supreme Court in Morton Int'l, Inc. v. Gen. Acc. Ins. Co. of
Am., 134 N.J. 1, 629 A.2d 831 (1993).  Arrowhead Health, 2021 WL
2525739 at *4 (quoting Delaware Valley Plumbing, 2021 WL 567994
at *5-6).  Accordingly, Plaintiffs' regulatory estoppel claim
fails, and both it and Plaintiffs' claims for breach of contract
must be dismissed.  As Plaintiffs' claims for declaratory relief
were entirely dependent on their breach of contract claims, they
too must be dismissed.

## CONCLUSION

For the reasons expressed above, Defendant ACE Property and
Casualty Insurance Company's motion for judgment on the
pleadings (ECF No. 40) will be granted, Plaintiffs' cross-motion

for a stay (ECF No. 43) will be denied, and Plaintiffs' Amended

Complaint will be dismissed.

An appropriate Order will be entered.


Date: September 2, 2021              /s Noel L. Hillman
At Camden, New Jersey            NOEL L. HILLMAN, U.S.D.J.